IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NAEEMAH MUNIRAH WALLER, ESTATE, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. GLR-23-1960 |
| v. | * | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | * | |
| Defendant. | * | |

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on Defendant Experian Information Solution Inc.'s ("Experian") Motion to Dismiss (ECF No. 10). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I.   BACKGROUND[1]

Self-represented Plaintiff Naeemah Munirah Waller ("Waller") brought an action under Section 1681 of the Fair Credit Reporting Act ("FCRA") alleging that Experian "failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning [Waller] pursuant to 15 USC 1681e(b)." (Compl. ¶¶ 8–12, 23).

Waller alleges that Experian supplied inaccurate information on her credit report in three specific instances. (<u>Id.</u> ¶¶ 8–10). The first two concerned inaccurate names on

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint, (ECF No. 1), and accepts them as true. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

Waller's credit report. First, on September 15, 2021, Waller disputed an inaccurate name, "Naeemah H Waller," with the Consumer Financial Protection Bureau ("CFPB"). (Id. ¶ 8; Sep. 15, 2021 Compl. Summ. at 1, ECF No. 1-1).[2] In response, Experian deleted the name on November 21, 2021. (Nov. 21, 2021, Report at 1, ECF No. 1-2).[3] On or around November 4, 2021, Waller called Experian directly to dispute another inaccurate reported name, "Neemah Waller." (Compl. ¶ 9). Experian deleted the inaccurate name that same day. (Id.; Nov. 4, 2021, Report at 1, ECF No. 1-4).[4]

In the alleged third instance of inaccurate information, Experian reported a "charge-off account" in association with the State Employees Credit Union of Maryland ("SECU Maryland"). (Compl. ¶ 10). On or around August 10, 2021, Waller called Experian to dispute the reported information. (Id.). Experian initially declined to delete the charge-off account from Waller's record because "the credit grantor [SECU Maryland] ha[d] verified

---

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

[3] While a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to briefing for the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Courts may also consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001). Here, the complaint summary, consumer reports, and denial letter, (ECF Nos. 1-1–1-8), were attached to the Complaint, and the Court will consider them.

[4] Waller does not allege any injury caused by the inaccurate names reported to her credit file. In fact, because such personal information "is reported by you, your creditors, or other sources," it inevitably may vary. (Nov. 21, 2021 Report at 2). Regardless, "[p]ersonal information DOES NOT impact [Waller's] credit score at all." (Id.).

its accuracy." (Sep 10, 2021, Report at 1, ECF No. 1-5). In the report provided to Waller, Experian noted that they would close the dispute, but Waller could provide "additional relevant information" not provided at the time of dispute, and Experian would "reinvestigate the disputed information." (Id.). On September 30, 2021, Experian deleted the charge-off account from Waller's credit file following a "reinvestigation of the dispute." (Sep. 30, 2021, Report at 1, ECF No. 1-6).

Waller claims that the inaccurate charge-off account displayed on her credit file led to credit denials from MECU Credit Union on June 16, 2021, and American Express on October 13, 2021. (Compl. ¶¶ 11–12; Denial Letter at 2, ECF No. 1-8).[5] As a result of Experian furnishing inaccurate information, Waller claims to have suffered "damage by loss of credit, loss of ability to purchase and benefit from credit, and the emotional pain, mental anguish, humiliation, and embarrassment of credit denials." (Compl. ¶ 17). Waller seeks actual, statutory, and punitive damages; reasonable costs; "associated fees and interest;" and injunctive relief. (Id. at 4).

On October 27, 2023, Experian moved to dismiss Waller's Complaint because (1) the Complaint is time-barred by the FCRA's two-year statute of limitations, and (2) Waller fails to state a claim on which relief can be granted. (Mem. Supp. Mot. Dismiss ["Mot."] at 1, ECF NO. 10-2). Waller filed an Opposition on November 27, 2023, alleging new violations of 15 U.S.C. § 1681i and withdrawing her request for injunctive relief. (Pl.'s

---

[5] The Court recognizes that according to the Complaint and its attachments, Experian deleted the disputed charge-off account on September 30, 2021, almost two weeks prior to the credit denial by American Express.

Opp'n Def.'s Mot. Dismiss Aff. ["Opp'n"] at 3–4, 6, ECF No. 12).[6] Experian filed a Reply on December 12, 2023, (ECF No. 15), and Waller filed a Surreply, with leave from this Court, on April 3, 2024, (ECF No. 19).

## II.   DISCUSSION

### A.   Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although

---

[6] The Court notes that a plaintiff cannot amend her complaint with facts or claims raised in her Opposition." See McDonald v. LG Elecs. USA, Inc., 219 F.Supp.3d 533, 541 (D.Md. 2016) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). However, because Waller is proceeding pro se, the Court will consider this additional claim. See Gough v. Bankers Life and Cas. Co., No. PJM 17-2341, 2019 WL 585715, at *3 (D.Md. Feb. 12, 2019) (citing Smith v. Blackledge, 451 F.2d 1201, 1202–03 (4th Cir. 1971)) aff'd, 781 Fed. App'x 251 (4th Cir. 2020).

the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Spencer v. Earley, 278 F.App'x 254, 259–60 (4th Cir. 2008) ("Dismissal of a pro se complaint...for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972))). Nonetheless, "liberal construction does not absolve Plaintiff from pleading a plausible claim." Desgraviers v. PF Frederick,

5

LLC, 501 F.Supp.3d 348, 351 (D.Md. 2020) (quoting Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 314 (D.Md. 2014)).

**B.     Analysis**

   **1.     Statute of Limitations**

Waller alleges that Experian violated the FCRA by failing to use "reasonable procedures to assure maximum possible accuracy" of her credit information as required by 15 U.S.C. § 1681e(b). (Compl. ¶¶ 8–12, 23). Experian counters that Waller's claim is time-barred by the FCRA's two-year statute of limitations. (Mot. at 1). The Court agrees with Experian.

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). As such, the FCRA requires that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to . . . accuracy." 15 U.S.C. § 1681(b).[7]

Under Rule 8 of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense that defendants may raise in their motion to dismiss "as a bar to plaintiffs' cause of action . . . if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005). "[E]ven pro se litigants are

---

[7] The parties do not dispute that Experian is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f).

6

expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" Dancy v. Univ. of N.C. at Charlotte, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)). Pro se plaintiffs still must comply with statutes of limitations, in part to avoid the prejudice that would result to defendants who are not given notice that statutes of limitations aim to provide. Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984).

The relevant statute of limitations here is 15 U.S.C. § 1681p, which provides that a claimant alleging FCRA violations must bring their action within the earlier of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." The statute of limitation period begins to run "when the claim they govern accrues." Tidewater Fin. Co. v. Williams, 498 F.3d 249, 260 (4th Cir. 2007). Here, the statute of limitations period began whenever Waller discovered the reported charge-off account on her credit file. See 15 U.S.C. § 1681p(1). The parties dispute when that occurred.

Experian contends that the adverse action notice from MECU Credit Union dated June 17, 2021, proves that Waller had notice of the inaccurate information prior to July 21, 2021–the start of the two-year period. (Mot. at 5–6; Adverse Action Notice ["Notice"] at 1, ECF No. 1-7). The Notice indicates that Waller applied for a $500 loan on June 16, 2021, and cites the charge-off account as one principal reason for the denial of credit. (Notice at 1). Waller insists that she did not receive the letter from MECU Credit Union until around

7

August 5, 2021, "due to extreme COVID-19 pandemic-related United States Postal Service mail delivery delays in Maryland." (Opp'n at 2). However, Waller does not put forth any evidence of mail delays specific to her.[8] Moreover, neither of the attachments provided with Waller's Opposition show that she received the letter from MECU Credit Union on August 5, 2021, fifty days after June 17, 2021, the date the adverse action notice was "mailed or delivered." (See Notice at 1). The Court agrees with Experian and finds that even permitting for a thirty-day delay, which is more than reasonable,[9] it is likely that Waller had notice of the charge-off account prior to July 21, 2021. (See Mot. at 6). As such, Waller's Complaint is time-barred by the FCRA's two-year statute of limitations period. See 15 U.S.C. § 1681p(1). The Court will dismiss the Complaint with prejudice, as amendment would be futile.

---

[8] Attached to her Opposition, Waller provides a letter sent to the USPS Postmaster General on February 4, of 2021, in which members of Congress describe general mail delays affecting their Maryland constituents. (Congressional Letter at 1, ECF No. 12-3). Waller also provides a November 9, 2021, online news article from WMAR 2 News which details the "delivery and service issues" uncovered in audits of Baltimore-area post offices. (News Article at 3–4, ECF 12-4). This letter and article are not integral to Waller's Complaint, which does not mention mail delays, and cannot be considered on a motion to dismiss. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). Even if the Court were to consider these letters, it would not change its analysis.

[9] In Dixon v. Digital Equipment Corp., the Fourth Circuit noted that Rule 6(e) grants three additional days to act when service of notice begins the statute of limitations period and notice is given through mail. No. 92-1483, 1992 WL 245867, at *1 (4th Cir. Sep. 30, 1992) (finding that Rule 6(e) "provides a presumption regarding when notice was received," the end of the additional three days, and this presumption may only be claimed if "the date of receipt [of notice is] disputed."). Waller is essentially asking to extend this presumption from three to fifty days, which this Court declines to do.

## 2. FCRA § 1681e(b)

Even assuming that the Complaint is not time-barred, the Court must still dismiss Waller's Complaint for failure to state a claim. Waller contends that Experian violated Section 1681e(b) of the Fair Credit Reporting Act by "fail[ing] to follow reasonable procedures to assure maximum possible accuracy of the information concerning [Waller]." (Compl. ¶¶ 8–12, 23). Under 15 U.S.C. § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." In its Motion, Experian argues that while Waller plausibly alleges inaccuracies reported to her credit file, she has not put forth facts that show "Experian failed to use reasonable procedures" as required by 15 U.S.C. § 1681e(b). (Mot. at 7). The Court agrees.

A consumer reporting agency violates Section 1681e(b) if "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." Dalton v. Cap. Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001). For claims alleging violations of Section 1681e(b), the plaintiff must "show that the consumer reporting agency did not follow reasonable procedures." Id. at 416. Although the Court must liberally construe a pro se plaintiff's complaint, "liberal construction does not absolve Plaintiff from pleading a plausible claim." Desgraviers, 501 F.Supp.3d at 351 (quoting Bey, 997 F.Supp.2d at 314). The

plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Here, the allegations in Waller's Complaint amount to mere conclusory statements that repeat the statutory language found in the FCRA. A "formulaic recitation" of the FCRA's statutory language will not survive a motion to dismiss. See Twombly, 550 U.S. at 555. Waller does put forth facts showing Experian furnished inaccurate information to her consumer report, but nowhere in her Complaint, Opposition, or Surreply does she allege facts sufficient to show that Experian failed to follow reasonable procedures. The "FCRA does not impose strict liability on consumer reporting agencies for inaccuracies in reporting" and instead merely requires them to follow reasonable procedures, which appears to be what Experian did, based on the facts alleged in the Complaint. See Dalton, 257 F.3d at 417.

Waller's additional argument in her Opposition fares no better. There, she explains how Experian violated Section 1681e(b) by failing to "reasonably reinvestigate disputed information, as required by § 1681i(a)." However, a failure to reasonably reinvestigate is a separate offense under 15 U.S.C. § 1681i(a), which the Court separately considers below, and it does not constitute a violation of Section 1681e(b). Waller has not shown that Experian failed to comply with the reasonableness requirements of § 1681e(b). Accordingly, Waller's § 1681e(b) claim must be dismissed for failure to state a claim upon which relief can be granted.

  **3. FCRA § 1681i**

  Waller further alleges in her Opposition that Experian violated Section 1681i(a) of the FCRA by "fail[ing] to reasonably reinvestigate" the inaccuracies reported to her credit file. (Opp'n at 3–4). Waller concedes that Experian did in fact remove the inaccurate information at issue, but Waller contends that Experian's reinvestigation was unreasonable because of the amount of time it took for Experian to delete the inaccuracies and because Experian used an automated system, e-OSCAR, to resolve consumer disputes. (Id.). In its Reply, Experian counters that its reinvestigation process "has been found to be reasonable by other courts," and that Waller still does not put forth any facts suggesting that Experian's reinvestigation process is unreasonable under 15 U.S.C. § 1681i(a). (Reply at 5).

  Under Section 1681i(a) of the FCRA, if a consumer disputes the accuracy of information in their credit file,

> [T]he [consumer reporting] agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A). Waller alleges that when she initially disputed an inaccurate name through the CFPB on September 15, 2021, Experian did not delete the item until November 21, 2021, well after Section 1681i(a)'s thirty-day period. (Opp'n at 4; Compl. ¶ 8). However, in this instance, the thirty-day period is inapplicable because Section 1681i(a)(1)(A) only applies, save for exceptions not relevant here, when "the consumer

11

notifies the agency directly, or indirectly through a reseller, of such dispute." 15 U.S.C. § 1681i(a)(1)(A). Waller disputed the inaccuracy through the CFPB and did not "notif[y Experian] directly, or indirectly through a reseller." As such, Experian did not violate the time requirements of Section 1681i in handling Waller's September 15, 2021 dispute.

Waller also alleges that Experian took longer than thirty days to remove the charge-off account inaccurately reported on her credit file. (Opp'n at 3). Waller initially disputed this inaccuracy to Experian on August 10, 2021. (Id.). Thirty days later, on September 10, 2021, Experian informed Waller that (1) it had verified the accuracy of the charge-off account with the creditor and (2) it would not reinvestigate the dispute unless Waller provided supporting documentation. (Sep. 10, 2021 Report at 1; Opp'n at 3). Waller contacted Experian again on or around September 11, 2021, and Experian reinvestigated the charge-off account, this time deleting the account from Waller's consumer report on September 30, 2021. (Sep. 30, 2021 Report at 1). The facts put forth in the Complaint do not show that the procedures utilized by Experian to reinvestigate Waller's August 10, 2021 dispute were unreasonable. Instead, they show that Experian complied with the thirty-day requirement by notifying Waller of the closed dispute on September 10, 2021. Experian opened a second reinvestigation on September 11, 2021, restarting the thirty-day deadline, and again complied with the Section 1681i by deleting the charge-off account from Waller's consumer report on September 30, 2021.

Finally, Waller contends that Experian's automated system for resolving consumer disputes violates 15 U.S.C. § 1681i because it uses "very vague 3-digit dispute code[s]"

12

that may have led "data furnishers to overlook key evidence when determining whether to verify the accuracy or inaccuracy of the reported information." (Opp'n at 4–5). Further, Waller alleges the system "poses a high risk of failing to capture critical dispute details needed for [the] thorough and reasonable investigations" required by Section 1681i(a)(1)(A). (Id. at 5).

Waller does not point to how the automated system and three-digit codes utilized by Experian make their procedures unreasonable. In contrast, this Court has previously found similar automated systems to be reasonable. See Alston v. Experian Info. Sols., Inc., No. PJM 15-3558, 2016 WL 4555056, at *6 (D.Md. Aug. 31, 2016); see also Jianqing Wu v. Trans Union, No. AW-03-1290, 2006 WL 4729755, at *7 (D.Md. May 2, 2006) (finding that the risk of "some inaccuracies" resulting from the system adopted by a consumer reporting agency does not, on its own, make the system unreasonable). Moreover, the FCRA itself calls for nationwide consumer reporting agencies to "implement an automated system" to be utilized in reinvestigations of consumer disputed information. 15 U.S.C. § 1681i(a)(5)(D). As such, the Court finds that Waller fails to put forth facts sufficiently alleging Experian's reinvestigation processes were unreasonable, and thus, Waller's § 1681i claim must also be dismissed for failure to state a claim upon which relief can be granted.[10]

---

[10] Waller's Surreply argues that Experian failed to "admit or deny the specific allegations as required by Rule 8(b)." (Surreply ¶ 4, ECF No. 19). However, a defendant at this stage may file a motion to dismiss instead of an answer in accordance with Rule 12(b)(6). See Fed.R.Civ.P 12(b)(6). Experian has satisfied Rule 12.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Experian's Motion to Dismiss (ECF No. 10). A separate Order follows.

Entered this 24th day of July, 2024.

                                                                               /s/
                                        George L. Russell, III
                                        United States District Judge